# HUNTON&
# WILLIAMS

HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20037

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

F. WILLIAM BROWNELL
DIRECT DIAL: 202 • 955 • 1555
EMAIL: bbrownell@hunton.com

FILE NO: 69134.000002

May 8, 2012

**Via Overnight Mail**

Ms. Debbie Graham
Opinion Supervisor
United States Court of Appeals for the
Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

  Re: Request for Publication of Decision in *Atchafalaya Basinkeeper, et al. v. Chustz*, No. 11-30471 (5th Cir. Apr. 25, 2012)

Dear Ms. Graham:

  The Waters Advocacy Coalition and the Utility Water Act Group respectfully request that the Court publish its April 25, 2012 unanimous decision in *Atchafalaya Basinkeeper, et al. v. Chustz*, No. 11-30471. The *Atchafalaya* decision establishes important precedent on a matter of significance to the enforcement of the Clean Water Act ("CWA") which has not been previously addressed by the federal courts of appeal. The principle recognized in the *Atchafalaya* decision is of considerable importance to the wide range of public and private organizations who comprise the Waters Advocacy Coalition and the Utility Water Act Group, and who routinely receive and rely upon CWA section 404 permits to conduct their activities.

## Waters Advocacy Coalition and Utility Water Act Group

  The Waters Advocacy Coalition (the "Coalition") is a broad coalition of public and private organizations who depend on our nation's water resources to provide vital services including construction, manufacturing, housing, real estate, mining, agriculture, and energy sectors, and to protect homes from destructive floods. The diverse set of public and private entities who comprise the Coalition depends upon a reliable, healthy water supply to provide these services, and therefore appreciates the role water plays in our nation's livelihood and shares a common interest in preserving and protecting our nation's water resources. The Coalition's members also rely on proper management of water resources to ensure adequate water supplies and to avoid destructive floods. The Coalition's members are regulated by and participate in CWA programs, including the section 404 wetlands permit program, and its public sector members include state and local administrators of those programs. The



Ms. Debbie Graham
May 8, 2012
Page 2

Coalition's members depend on state and federal governments to provide a sensible and predictable set of laws and regulations governing water resources. The Coalition's members are further described below.[i]

The Utility Water Act Group ("UWAG") is a voluntary, *ad hoc*, non-profit, unincorporated group of 182 individual energy companies and three national trade associations of energy companies: the Edison Electric Institute, the National Rural Electric Cooperative Association, and the American Public Power Association. The individual energy companies operate power plants and other facilities that generate, transmit, and distribute electricity to residential, commercial, industrial, and institutional customers. In the course of providing electricity, UWAG's members engage in construction, operation and maintenance of transmission and distribution lines and other utility operations that sometimes take place in wetlands and other waters of the United States and that require CWA section 404 permits. The laws and rules governing CWA section 404 permits affect the electric utility industry and are important to UWAG members as well as to the public at large, whose health, safety, and general welfare depend on a cost-effective and reliable supply of electricity. UWAG's national trade association members are further described below.[ii]

**Basis for Publication**

The Court's criteria for publication of opinions support publication of the *Atchafalaya* opinion. According to 5th Cir. R. 47.5.1, "opinions that may in any way interest persons other than the parties to a case should be published." The Court's rules list additional factors that support publication of the *Atchafalaya* opinion, including when an opinion: "[e]stablishes a new rule of law"; "[a]pplies an established rule of law to facts significantly different from those in previous published opinions applying the rule"; or "[c]oncerns or discusses a factual or legal issue of significant public interest." 5th Cir. R. 47.5.1(a), (b) and (e). The Court's rules state that the Court will publish an opinion originally issued as unpublished "if, upon reconsideration, each member of the panel determines that it meets one or more of the criteria for publication or should be published for any other good reason, and the panel issues an order to publish the opinion." 5th Cir. R. 47.5.2.



Ms. Debbie Graham
May 8, 2012
Page 3

The *Atchafalaya* opinion readily meets the overarching standard that the opinion "may in any way interest persons other than the parties to a case." 5th Cir. R. 47.5.1. Coalition and UWAG members have a considerable interest in the opinion, and are not parties to the case. These members include a diverse and extensive range of public and private entities whose activities are conducted nationwide, and who depend on CWA section 404 permits to conduct many of those activities. The decision recognizes that Congress did not provide in the CWA for citizen suits challenging alleged noncompliance with section 404 permits, and notes that instead "Congress has relied on the Corps to enforce the permits it issues for more than 100 years...." Slip op. at 6. The opinion thus serves as critical recognition at the federal appellate level that enforcement of CWA section 404 permits, including those held by members of the Coalition and UWAG, is vested in the Corps of Engineers, not citizen groups. This is an important foundational principle governing enforcement of one of the two principal permitting programs established by the CWA.

The *Atchafalaya* opinion also meets several of the specific factors in 5th Cir. R. 47.5.1 that support publication. The opinion is the first by a federal appellate court to establish that the CWA "does not allow citizen suits to enforce the conditions of a [33 U.S.C.] § 1344 permit." Slip op. at 2. Neither the opinion nor the parties in their briefs cite any other federal appellate decision that has so held and, to the best of our knowledge, no other appellate court opinion has analyzed whether the CWA authorizes a citizen suit challenging a CWA section 404 permit holder's compliance with the terms or conditions of its permit. In this case of first impression at the appellate level, the *Atchafalaya* opinion provides a careful and detailed analysis of the structure and language of the CWA citizen suit provisions at 33 U.S.C. § 1365 in relation to allegations of noncompliance with CWA section 404 permits issued under 33 U.S.C. § 1344. The opinion establishes new precedent of significant public interest based on its importance to persons who rely upon section 404 permits or who are involved or interested in the section 404 permitting program. The *Atchafalaya* opinion thus merits publication under the factors set forth in 5th Cir. R. 47.5.1(a), (b) and (e).

Finally, publication of the *Atchafalaya* opinion may help avoid future litigation by establishing precedent within the Fifth Circuit and serving as strong persuasive authority outside of the Fifth Circuit. *See* 5th Cir. R. 47.5.4. Notably, the *Atchafalaya* opinion cites another recent decision by this Court involving citizen enforcement of the CWA section 402 permitting program (the other principal CWA permitting program), which was issued as a published decision. *See* slip op. at 6 (citing *Louisiana Envtl. Action Network v. City of Baton Rouge*, __ F.3d __, 2012 WL 1301164 (5th Cir. 2012). The Coalition and UWAG submit that the *Atchafalaya* opinion also merits publication.



Ms. Debbie Graham
May 8, 2012
Page 4

**Conclusion**

For the foregoing reasons, the Water Advocacy Coalition and the Utility Water Act Group respectfully request that the Court publish its April 25, 2012 decision in *Atchafalaya Basinkeeper, et al. v. Chustz*, No. 11-30471.

Sincerely,

F. William Brownell
Andrew J. Turner

cc:   Adam Babich, Esq. (counsel for Plaintiff - Appellant)
     Corinne Jacqueline Van Dalen, Esq. (counsel for Plaintiff - Appellant)
     Ryan Michael Seidemann, Esq. (counsel for Defendant - Appellee)
     Megan Kathleen Terrell, Esq. (counsel for Defendant - Appellee)

---

[i] The Coalition's members include the: Agricultural Retailers Association, American Farm Bureau Federation, American Forest & Paper Association, American Iron & Steel Institute, American Road and Transportation Builders Association, Associated General Contractors of America, CropLife America, Edison Electric Institute, Fertilizer Institute, Florida Sugar Cane League, Foundation for Environmental and Economic Progress, Industrial Minerals Association of North America, International Council of Shopping Centers, Irrigation Association, National Association of Home Builders, National Association of Industrial Office Properties, National Association of Manufacturers, National Association of Realtors, National Association of State Departments of Agriculture, National Cattlemen's Beef Association, National Corn Growers Association, National Council of Farmer Cooperatives, National Mining Association, National Multi Housing Council, National Pork Producers Council, National Stone, Sand and Gravel Association, Responsible Industry for a Sound Environment, Southern Crop Production Association, United Egg Producers, and Western Business Roundtable.

[ii] The Edison Electric Institute is the association of U.S. shareholder-owned energy companies. EEI members serve 95% of the ultimate customers in the shareholder-owned segment of the industry, and represent approximately 70% of the U.S. electric power industry. The National Rural Electric Cooperative Association is the association of nonprofit energy cooperatives supplying central station service through generation, transmission, and distribution of electricity to rural areas of the United States. The American Public Power Association is the national trade association that represents publicly owned (municipal and state) energy utilities in 49 states representing 16% of the market.